DAVIS<br>v.<br>GRAILHE

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## G. S. HAWKINS, Administrator, *v.* C. McVAE, Liquidator.

The wife was bound *in solido* with her husband in an act of mortgage to secure a subscription to the capital stock of the Clinton and Port Hudson Railroad Company, to which mortgage the State of Louisiana was subrogated. The State afterwards caused the property to be sold under execution against the husband, as a defaulting Tax Collector, and the wife, through the intervention of a third person, became the purchaser at the sale. *Held:* that such a sale did not extinguish the mortgage of the State.

Where the production of a certificate of mortgage is waived, notice of mortgages existing of record will be presumed.

APPEAL from the District Court of East Feliciana, *Ratliff*, J. *Hardesty & Keenan*, for plaintiff. *S. E. Hunton*, for defendant and appellant.

BUCHANAN, J. The plaintiff, bearer of a second mortgage, sues the defendant to have a prior mortgage erased and cancelled, on the ground that it has been extinguished by the act of the mortgagee. The property is in the hands of the mortgagor.

The first mortgage is one which was granted by *John W. Hays* and his wife *Catharine Hays*, on the 15th June, 1838, to the Clinton and Port Hudson Railroad Company, to secure a subscription by the mortgagors to the capital stock of the said corporation.

In 1852, *John W. Hays* was sued by the State of Louisiana, as a defaulting Tax Collector, and this property was seized in execution of that judgment. It was sold on twelve months credit, nominally to *B. M. G. Brown ;* but the real purchaser was *Mrs. Catharine Hays*, as we learn from the recitals of a subsequent conveyance of the property from *Brown* to *Mrs. Hays*.

It was admitted on trial, that the Clinton and Port Hudson Railroad Company "mortgaged, and pledged, and subrogated the State of Louisiana, on the 19th day of June, 1839, among others, to the mortgage of *Hays* and wife," and it was agreed, "that any copy of said act, embraced in appeals from this court, may be used and referred to, if desired, by either party."

Upon this admission, it is contended by plaintiff, that the State is the party who held the stock mortgage of *Hays* and wife, at the time of the sale under execution ; and that the State, having exercised the right, given it by Article 685 of the Code of Practice, of having the property sold to satisfy a debt of inferior rank to the said mortgage, has thereby released the mortgage. The legislative and judicial history of the Clinton and Port Hudson Railroad Company, is officially known to us; and the agreement above copied, made by the parties on trial, specially authorizes us to look into the records of other appeals, having reference to the subrogation of the State to the stock mortgages of this corporation.

In the case of the *Gas Light Company* v. *Bennett,* 6 An. 457, Judge Rost reviewed the legislation on the subject of the stock mortgages of the Clinton and Port Hudson Railroad Company. Those mortgages are shown by him, to be of two classes—the first, given for the stock subscribed under the amended charter enacted in 1834,—the second, for that subscribed under the Act of 1837. The first class of mortgages, is for the benefit of the holders of bonds of the Company. The second, is the security of the State for reimbursement of a loan of $500,000, made by the State to the Company.

The mortgage of *Hays* and wife, belongs to the second of these two classes; and the State, in virtue of its subrogation, had the right to pursue the foreclosure of this mortgage, for contribution to the objects of the contract; but this could only be done through the liquidator appointed in pursuance of law, to settle the affairs of the Company. See the case of *Bennett* in 6 An. already quoted; and that of the *Gas Light Company* v. *Haynes,* 7 An. 114. For the mortgage of *Hays* and wife was connected with, and contingent upon, the general administration of the affairs of this insolvent corporation, and cannot be confounded with the other personal obligation of one of the mortgagors, *John W. Hays,* as Collector of Taxes; with which obligation the liquidator had nothing to do, its enforcement being the duty of a distinct officer. Neither the process verbal of adjudication, nor the Sheriff's deed to *Brown* are before us; being omitted from the record by the agreement of counsel. But it is alleged in argument by appellant, that the sale was made subject to the stock mortgage on the property sold. This is a matter which might be of importance, had the property been adjudicated in reality, to a third person; and were it now in the hands of a third possessor. But *Mrs. Hays,* the real adjudicatee, and actual possessor, is herself a mortgagor, and bound, *in solido,* for the debt secured by the mortgage. And as to the plaintiff, we are bound to presume notice, at the date of *Mill's* mortgage, of the existence of the stock mortgage. For in the mortgage from *Mrs. Hays* to *Mills,* the production of a certificate of mortgages by the notary, is especially waived. This waiver we hold to be equivalent to an acknowledgment of notice of the stock mortgage then extant upon the records of the parish.

Judgment of the District Court reversed; and judgment for defendant, with costs in both courts.

VOORHIES, J., absent.

MERRICK, C. J., took no part in this decision, having been of counsel on the the first series of bonds.